## Helfand v. State Farm Mutual Insurance Company

*William A. Goichman,* for plaintiff.

*Duane, Morris & Heckscher,* for defendant.

GLEESON, J., February 25, 1965.—This case comes before the court on plaintiff's petition to proceed with arbitration as provided by the insurance contract entered into by the parties. The basic question raised by the petition and defendant's answer thereto is whether or not plaintiff sustained personal injuries and property damage as a result of being struck by an *uninsured* motorist as defined by the insurance contract. Plaintiff claims that the motorist who caused his personal injuries is uninsured and defendant claims that plaintiff has not established the fact of lack of insurance.

The material portion of the policy (insurance contract) reads as follows:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand

of either, select a competent and disinterested arbitrator." The quoted provision, in our opinion, clearly makes the question of liability or nonliability of the alleged uninsured motorist together with the amount of damages, subject to arbitration. However, the quoted provision does not make subject to arbitration the question of whether or not the alleged uninsured motorist was in fact uninsured; the quoted provision is silent on that subject. We question whether or not such silence was contemplated by the legislature when the Act of August 14, 1963, P. L. 909, sec. 1, 40 PS §2000, supplement, was written into law requiring uninsured motorist coverage in all Pennsylvania insurance policies. We cannot add a provision to the insurance contract for determining the question, although it would be fair to plaintiff if the insurance contract contained such a provision.

In order to determine the question of "uninsurability" a trial is necessary, with or without a jury, depending on whether the parties will waive the right of trial by jury. It is our opinion that a trial on the issue of "uninsurability" should be held at the earliest possible time whether with or without a jury, as provided by the Act of April 25, 1927, P. L. 381, no. 248, sec. 3, 5 PS §163.

Accordingly, we enter the following

ORDER

And now, February 25, 1965, plaintiff's rule is discharged and this case is set down for trial, with or without a jury depending on the waiver or nonwaiver of the right of trial by jury, at the earliest possible date on the issue of whether or not the alleged tortfeasor who struck the plaintiff operated an uninsured automobile within the definition of the insurance contract which is made a part of this record in accordance with the provisions of the Act of April 25, 1927, P. L. 381, no. 248, sec. 3, 5 PS §163.